# COMPOSITE EXHIBIT A

New Search   Collapse All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 422022CA000969CAAXXX [22CA000969AX] | 05/17/2022 | Circuit Civil 3-D | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 05/17/2022 | OTHER CIVIL-DISCRIMINATION-EMPLOYMENT OR OTHER | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| SANDERS, GARY LAMAR | JUDGE | | |
| ENO INC    Search This Party | DEFENDANT | | |
| AN ILLINOIS DOMESTIC BCA CORPO    Search This Party | ALSO KNOWN AS | | |
| BUSINESS IN FLORIDA    Search This Party | ALSO KNOWN AS | | |
| SATTERFIELD, FRED    Search This Party | PLAINTIFF | HUNT, DANIEL H. | 121247 |

### Dockets

Page : 1    [   ]   [   ]   10

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | 11 | 06/22/2022 | WAIVER OF SERVICE OF PROCESS | 2 |
| 📄 | 10 | 06/09/2022 | SUMMONS ISSUED | 1 |
| 📄 | 9 | 06/07/2022 | EFILED SUMMONS | 1 |
| | 8 | 06/07/2022 | Payment received: $10.00 Receipt Number XX 751455 | |
| | 7 | 06/07/2022 | Assessment 2 assessed at sum $10.00 | |
| | 4 | 05/18/2022 | Payment received: $400.00 Receipt Number XX 745888 | |
| | 2 | 05/18/2022 | Judge: Assigned | |
| 📄 | 6 | 05/17/2022 | PETITION/COMPLAINT | 10 |
| 📄 | 5 | 05/17/2022 | CIVIL COVER SHEET | 3 |
| | 3 | 05/17/2022 | Assessment 1 assessed at sum $400.00 | |

### Judge Assignment History

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| 05/18/2022 | - | SANDERS, GARY L | |

### Court Events

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

### Financial Summary

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $410.00 | Paid to Date: $410.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | |
|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| | $410.00 | $410.00 | $0.00 | $0.00 | - |

### Reopen History

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MARION</u>   COUNTY, FLORIDA

<u>Fred Satterfield, Daniel Harrison Hunt</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>ENO INC</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
 ☐ Residential Evictions
 ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

 4

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
 ☐ yes
 ☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
 ☒ no
 ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
 ☒ yes
 ☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
 ☐ yes
 ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Daniel Harrison Hunt     Fla. Bar # 121247
   Attorney or party            (Bar # if attorney)

Daniel Harrison Hunt        05/17/2022
(type or print name)         Date

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND FOR
MARION COUNTY, FLORIDA

FRED SATTERFIELD

    Plaintiff(s),

v.

Case No: _____

ENO INC.,
an Illinois Domestic BCA Corporation
doing business in Florida,

    Defendant(s).
_____/

## COMPLAINT

Plaintiff, **FRED SATTERFIELD**, by and through the undersigned counsel, hereby sues Defendant, **ENO INC.**, an Illinois Domestica BCA Corporation doing business in Florida, ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs for Violation of Florida Private Whistleblower Act Florida Statute 448.102 ("FWA") as well as the common law Tort of Intentional Interference with Business Relationships and Pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs..

2. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3. This Court has jurisdiction over Plaintiff's claims pursuant to Florida Statute 448.102.

4. Plaintiff was at all times relevant to this action, resident of Dixie County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FWA as well as the FLSA.

5. Defendant, ENO INC, is doing business in Marion County, Florida, with one of its locations at 4200 NW 35th Street, Ocala, Fl 34475 while renting space at Love's Transportation, LLC. where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6. Defendant is a covered employer for purposes of the FLSA and has sufficient ties to Florida as it maintains employees in Florida, rents a business location in Florida and pays its employees in Florida.

7. Venue is proper in Marion County because all of the actions that form the basis of this Complaint occurred within Florida and originated in Marion County and payment was due in Marion County.

8. Defendant is a covered employer for purposes of Florida's Private Sector Whistleblower Act.

9. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff performed work for Defendants from October 31, 2020 through April 7, 2022 as a truck driver.

12. Plaintiff was paid as an hourly employee at a rate of $25 per hour while working on average 70 hours per week.

13. Plaintiff complained to the employer orally and in writing about violations of Federal Law and DOT violations with respect to the operations of trucks. Specifically violations of §393.78 regarding Windshield wiping systems. Plaintiff complained that the systems were not operating properly in violation of FMVSS No. 104.

14. Despite this fact, Plaintiff was instructed by Dispatcher Mark and Alex to pick up the vehicle and continue to work.

15. Plaintiff transport dry bulk cement in a Pneumatic tanker and stringent safety protocols are required, plaintiff explained to his employer that their actions were illegal and must be corrected.

16. In both January and April of 2022, Plaintiff spoke to Taylor regarding multiple issues of differential treatment with respect to Plaintiff and other employees such as payment for hotel rooms, expense reimbursements and ticket reimbursement. Taylor retaliated against Plaintiff by taking $1,300.00 from plaintiff and telling him to mind his own business. Eventually Taylor terminated Plaintiff in retaliation for these complaints.

17. Plaintiff complained to Taylor on August 21, 2021 regarding unpaid overtime. Plaintiff was paid straight time for approximately 30 hours of overtime for the last three years. Plaintiff worked approximately 150 weeks with on average 30 hours of overtime per week and was not paid the additional $12.50 per hour for those overtime hours. This issue was brought up again in 2022 and plaintiff was terminated without receiving payment for the approximately $5,625 in unpaid overtime wages.

18. Plaintiff was terminated in retaliation for complaining about unpaid overtime hours shortly thereafter.

19. Throughout his employment, Plaintiff performed his work at satisfactory or above-satisfactory levels. Any reason proffered by Defendant for Plaintiff's mis-treatment is merely pretext for unlawful retaliation.

20. Subsequent to Plaintiff's termination, Plaintiff applied for jobs at Anderson Trucking Company and Oakley Transport in Lake Wales. Plaintiff had a business relationship with these companies as they agreed to hire plaintiff for work pending a phone call with Defendant.

21. Defendant received phone calls from Plaintiff's subsequent employers wherein Defendant was informed of the business relationship and asked questions about Plaintiff's work.

22. Defendant informed these subsequent employers on May 5, 2022 and on other dates of false information such as the fact that plaintiff did not cross state lines when driving for Defendant. This statement, amongst others was completely untrue as Plaintiff regularly crossed state lines into Georgia while driving for Defendant. Plaintiff confronted Defendant about this and Defendant refused to rectify the situation.

23. Defendant was aware of the fact that making such misrepresentations about Plaintiff's work would result in Plaintiff losing the business opportunities presented and losing the employment secured.

24. As a result of Defendant's misrepresentations and intentional false statements to Plaintiff's business partners, Plaintiff lost employment opportunities including but not limited to job opportunities which earned $3200 per week.

25. Plaintiff was constructively terminated on April 9, 2022 when he was forced to resign due to unpaid wages and increasingly abusive treatment by his supervisors. He was also unable to continue to operate vehicles with serious safety violations. .

26. Any other reason for Plaintiff's termination is a pretext and an unlawful basis for termination.

## COUNT I– VIOLATION OF §448.102, FLORIDA STATUTES

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this complaint as if set out in full herein.

28. Section 448.102, Florida Statutes states in relevant part:

    "An employer may not take any retaliatory personnel action against an employee because the employee has:

    (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

29. As a direct and proximate result of Plaintiff's complaints about safety violations, Plaintiff employment was terminated.

30. As a result of Defendant's willful and malicious conduct, and Plaintiff's termination for refusing about violations of law, rule and regulation, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, compensation for his lost benefits, as well as compensatory damages.

31. Plaintiff also demands his attorney's fees and costs as provided by law.

**WHEREFORE**, Plaintiff prays for the entry of a judgment against Defendant and an award of economic damages in the form of back pay and front pay, as well as compensatory damages,

attorney's fees and costs as a result of Defendant's retaliatory conduct in violation of §448.101 et seq., Florida Statutes, and any and all other relief provided by law.

## COUNT II
### Wage & Hour Federal Statutory Violation

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this complaint as if set out in full herein.

33. This action is brought by Plaintiff to recover from Defendants unpaid wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

34. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

35. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

36. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

37. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business

activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

38. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

39. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

40. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

41. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

E. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *FLSA Retaliation*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this complaint as if set out in full herein.

43. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

44. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

45. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

46. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the FLSA and has done so

willfully, intentionally and with reckless disregard for Plaintiff rights;

I. Award Plaintiff actual damages in the amount shown to be due for unpaid wages, with interest; and

J. Award Plaintiff an equal amount in double damages/liquidated damages; and

K. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

L. Grant Plaintiff such additional relief as the Court deems just and proper.

## COUNT IV
## TORTIOUS INTERFERENCE WITH
## ADVANTAGEOUS BUSINESS RELATIONSHIPS

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this complaint as if set out in full herein.

48. Defendant knew of Plaintiff's employment secured with the employers listed above in paragraph 20.

49. In order to sabotage Plaintiff, defendant intentionally, directly, and without justification interfered with Plaintiff's business relationship by making false statements to Plaintiff's employers costing Plaintiff lost job opportunities.

50. Defendant's conduct has proximately caused, and will continue to cause, Plaintiff to suffer substantial damages.

51. By reason of Defendant's foregoing conduct, Defendant is liable to Plaintiff for damages to be determined at trial.

52. Further, Plaintiff is entitle dto injunctive relief, profits stemming from Defendant's tortious interference with advantageous business relationships, actual, compensatory, and any other remedies provided by applicable law.

WHEREEFORE, Plaintiff demands judgment against Defendant for damages, pus interest, costs, and such further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: May 17, 2022

Respectfully submitted,

/s/ *Daniel H. Hunt, Esq.*
_____
Daniel H. Hunt, Esq.
Florida Bar No. 121247
dhuntlaw@gmail.com
P.O. Box 565096
Miami, FL 33130
Telephone: 305-495-5593

IN THE CIRCUIT COURT OF THE
5TH JUDICIAL CIRCUIT, IN AND FOR
MARION COUNTY, FLORIDA

FRED SATTERFIELD

    Plaintiff(s),

                                            Case No: 22CA000969AX

v.

ENO INC.,
an Illinois Domestic BCA Corporation
doing business in Florida,

    Defendant(s).
_____/

**SUMMONS IN A CIVIL CASE**

To: ENO INC**, through it's registered agent**:

    WILLIAM M DUDLEY
    810 ARLINGTON HEIGHTS RD, STE 1
    ITASCA, IL 60143

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    DANIEL H. HUNT, ESQ.
    FLORIDA BAR NO.: 121247
    DHUNTLAW@GMAIL.COM
    P.O. BOX 565096
    MIAMI, FL 33256

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                            DATE

_____
(BY) DEPUTY CLERK

1

IN THE CIRCUIT COURT OF THE
5TH JUDICIAL CIRCUIT, IN AND FOR
MARION COUNTY, FLORIDA

FRED SATTERFIELD

    Plaintiff(s),

                                     Case No: 22CA000969AX

v.

ENO INC.,
an Illinois Domestic BCA Corporation
doing business in Florida,

    Defendant(s).
_____/

**SUMMONS IN A CIVIL CASE**

To: ENO INC, **through it's registered agent**:

    WILLIAM M DUDLEY
    810 ARLINGTON HEIGHTS RD, STE 1
    ITASCA, IL 60143

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    DANIEL H. HUNT, ESQ.
    FLORIDA BAR NO.: 121247
    DHUNTLAW@GMAIL.COM
    P.O. BOX 565096
    MIAMI, FL 33256

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

GREGORY C. HARRELL   JUNE 09, 2022
CLERK OF COURT                   DATE

*R. Buell*
(BY) DEPUTY CLERK



Electronically Filed Marion Case # 22CA000969AX 06/09/2022 03:42:57 PM

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND FOR
MARION COUNTY, FLORIDA

FRED SATTERFIELD

    Plaintiff,

                                                        Case No.: 22-CA-000969

v.

ENO, INC., an Illinois Domestic BCA
Corporation doing business in Florida,

**Defendant.**

_____/

## WAIVER OF SERVICE OF PROCESS

    I acknowledge receipt of your request that ENO, Inc. waive serve of process in the lawsuit of *Fred Satterfield v. ENO, Inc.*, Case No. 22-CA-000969, in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida. I hereby accept service of process of this lawsuit on behalf of ENO, Inc., and in doing so, ENO, Inc. agrees to save the cost of Service of Process and an additional copy of the complaint in this lawsuit by not requiring that it be served with judicial process in the manner provided by Fla. R. Civ. P.1.070. ENO, Inc. retains all defenses or objections to the Complaint, or to the jurisdiction or venue of the court, except for any objections based on a defect in the summons or in the service of the summons.

    The parties agree that Defendant shall have 60 days from June 22, 2022 to respond to the Complaint.

DATED this 22nd day of June, 2022.

          Respectfully submitted,

          By: */s/ Brian Hayden*
          **Brian L. Hayden**
          Florida Bar No. 0058987
          brian.hayden@jacksonlewis.com
          Jackson Lewis P.C.
          501 Riverside Avenue, Suite 902
          Jacksonville, FL  32202
          Telephone:    (904) 638-2655
          Facsimile:    (904) 638-2656

          **Emeraude Lerebours, Esq.**
          Florida Bar No.: 1025851
          emeraude.lerebours@jacksonlewis.com
          Jackson Lewis P.C.
          Wells Fargo Center
          100 S. Ashley Drive, Suite 2200
          Tampa, FL 33602
          Tel: (813) 512-3210
          Fax: (813) 512-3211

          *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this June 22, 2022, a true and correct copy of the foregoing *Defendant ENO, Inc.'s Waiver of Service of Process* was filed via the e-Filing Portal, which will provide a copy to all counsel of record.

          */s/ Brian Hayden*
          Attorney

4856-9929-9621, v. 1