UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FRED SATTERFIELD,**

    **Plaintiff,**

**v.**                                                         **Case No: 5:22-cv-298-JA-PRL**

**ENO, INC.,**

    **Defendant.**

## ORDER

Before the Court in this Fair Labor Standards Act (FLSA) case is the Defendant's motion to compel Plaintiff's answers to this Court's interrogatories filed on August 23, 2022 (Doc. 17). Two days later, on August 25, 2022, Plaintiff filed his amended response to the Court's interrogatories answering the previously omitted interrogatories seven through twelve. (Doc. 18).

However, upon review of the record, both of Plaintiff's answers to this Court's interrogatories are incomplete due to their lack of notarization, as required by this Court's Scheduling Order.[1] (Docs. 12 & 18). Defendant also seeks attorney's fees pursuant to Fed. R. Civ. P. 37(d)(1)(B) & (d)(3).[2] Thus, Plaintiff is **DIRECTED** to show cause, by written

---

[1] "Within 14 days of the date of this Order, Plaintiff shall answer the Court's Interrogatories (attached to this Order) under oath or penalty of perjury, serve a copy on Defendant, and file a copy with the Court." (Doc. 9).

[2] It appears that Defendant's motion does not fully comply with the requirements of Local Rule 3.01(g). In the future, counsel is expected to comply with both the letter and spirit of Local Rule 3.01(g). *See Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996) (stating Local Rule 3.01(g) "require[s] the parties to communicate and resolve certain types of disputes without court intervention."); *see also Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1 (M.D. Fla. Aug. 14, 2000) (communicating means "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues.").

- 2 -

response, on or before September 13, 2022, why Defendant's motion to compel and for attorney's fees should not be granted.

As a final matter, the court notes that buried within Defendant's motion is a request to extend the settlement conference deadline. While the Court appreciates Defendant's concerns, it appears premature at this time, but the parties may renew this request at a later date if a continuance of the mediation deadline becomes necessary.

**DONE** and **ORDERED** in Ocala, Florida on August 30, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties