UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FRED SATTERFIELD,**

    Plaintiff,

v.                                                       Case No: 5:22-cv-298-JA-PRL

**ENO, INC.,**

    Defendant.

## ORDER

Before the Court, in this case brought partially pursuant to the Fair Labor Standards Act ("FLSA"), is the parties' joint motions to seal their settlement agreement, approve it, and dismiss the Complaint with prejudice. (Docs. 25 & 26). The Court must determine whether the settlement between Plaintiff and Defendants is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). For the reasons explained below, the parties' motion to seal is due to be denied, and a new settlement agreement must be filed with the Court, failing which the Court will recommend the motion for approval be denied for the reasons set forth below.

    **I.**     **Motion to Seal, Review *In Camera*, or Redact Settlement Agreement**

First, the parties request this Court to review their settlement agreement *in camera*, or in the alternative to seal it, or to redact portions regarding settlement amounts. (Doc. 26).

In FLSA cases, "there is a 'strong presumption' in favor of keeping settlement agreements . . . unsealed and available for public view." *Thompson v. Shannon Rollings Real Estate, LLC*, No. CV 112-102, 2012 U.S. Dist. LEXIS 146708, at *2 (S.D. Ga. Oct. 11, 2012) (citing *Hens v. Clientlogic Operating Corp.*, No. 05-CV-381S, 2010 U.S. Dist. LEXIS 116635,

2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010) (collecting cases)). This presumption is overcome, if upon consideration, the Court finds "compelling reasons justify sealing the record and outweigh the interest in public access." *Thompson*, 2012 U.S. Dist. LEXIS 146708, at *2-3 (first citing *Hens*, 2010 U.S. Dist. LEXIS 116635, at *3; then citing *Webb v. CVS Caremark Corp.*, No. 5:11-CV-106, 2011 U.S. Dist. LEXIS 147989, 2011 WL 6743284, at *2 (M.D. Ga. Dec. 23, 2011)).

Here, the parties' reason for seeking to prevent public access to the agreement is that "Defendant's willingness to resolve this matter was . . . predicated on . . . confidentiality[, and] . . . . requiring public disclosure . . . will deter Defendant from . . . settl[ing] a lawsuit . . . it believes it can defeat." (Doc. 26 at 3). However, preventing Defendant from settling a lawsuit is a hypothetical supposition that fails to justify sealing this settlement agreement. *Cf. Thompson*, 2012 U.S. Dist. LEXIS 146708, at *2-3 (Rejecting "a 'chilling effect and discourag[ing] settlement,'" as "entirely conclusory" and noting that "[h]ypothetical, speculative, and conclusory suppositions do not justify sealing an FLSA settlement agreement.") (citation omitted); *with Walker v. Dolgencorp, LLC*, No. 5:09-CV-16, 2010 U.S. Dist. LEXIS 34759 (M.D. Ga. Apr. 8, 2010) (sealing FLSA agreement for eighteen months due to "a chilling effect on [Defendant's] ability to settle **hundreds of outstanding** FLSA cases between [it] and its current and former employees") (emphasis added).

Likewise, the parties' lack a compelling justification to review the agreement *in camera* or redact it. *See Perkins v. Ace Homecare, LLC*, No. 8:14-cv-2307-T-33TBM, Doc. 20 (M.D. Fla. Jan. 16, 2015) (denying request to *in camera* review FLSA settlement where parties did not show good cause to override common law and First Amendment rights of public to review court documents); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 & n. 21 (M.D. Fla. 2010)

(reviewing FLSA settlement agreement *in camera* fails to comport with public's right to access judicial proceedings and "thwarts Congress's intent . . . to advance employees' awareness of their FLSA rights and to ensure pervasive [workplace] implementation of the FLSA"); *Blair v. H & R Resorts, LLC*, No. 3:14-cv-671-J039MCR, 2014 WL 6389733, (M.D. Fla. Nov. 14, 2014) (same). Further, redaction of settlement terms is improper here where they relate to plaintiff's FLSA claims. *See Morales v. Am. Health Assocs., Inc.*, No. 6:20-CV-1347-WWB-DCI, 2021 WL 7451920 (M.D. Fla. Aug. 17, 2021), *report and recommendation adopted*, 2021 WL 7451907, at *1 (M.D. Fla. Sept. 7, 2021) (noting redaction only permissible for settlement terms relating solely to Florida whistleblower claim).

Therefore, as the parties fail to present a compelling justification for reviewing *in camera*, sealing, or redacting their settlement agreement, their motion to seal, (Doc. 26), is **DENIED.**

## II. Approval of the Settlement Agreement

Further, given that the parties will need to submit their settlement agreement for approval, the Court notes that several provisions currently prevent finding that the agreement is fair and reasonable. Specifically, the agreement has a general release, no re-employment and no-reapplication, non-disparagement, and confidentiality provisions which may be unenforceable or un-severable. (Doc. 25).

Inclusion of a general release in an FLSA settlement agreement can amount to a "'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010) (citing *Dees*, 706 F. Supp. 2d at 1238-42). When a general release extends to claims outside the scope of plaintiff's complaint, or

covers those other than the named defendant, it confers "an uncompensated, unevaluated, and unfair benefit on the employer," preventing finding the settlement fair and reasonable. *Id.* at 1354; *see Niles v. Denny's Inc.,* No. 6:16-cv-999-Orl-40TBS, 2017 WL 1352232, at *2 (M.D. Fla. March 22, 2017) (recommending approving settlement agreement after modifying broad general release to include only named defendant); *see also Kirkland v. BDE Florida LLC*, No. 8:20-CV-1634-TPB-CPT, 2021 WL 3609936, at *3 (M.D. Fla. July 20, 2021), *report and recommendation adopted*, No. 8:20-CV-1634-TPB-CPT, 2021 WL 3602803 (M.D. Fla. Aug. 13, 2021) (finding settlement fair and reasonable where "release [was] limited to the federal and state wage and hour claims that are, or could have been, asserted in this case based on the facts pleaded in the complaint[.]").

Nonetheless, a settlement with a broad general release can be found fair and reasonable if the plaintiff is fully compensated for their FLSA claims and additional consideration is **explicitly** exchanged for the release. *See Weldon v. Blackwoods Steakhouse, Inc.,* No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement with general release and non-disparagement provisions where plaintiff fully compensated for FLSA claim and $100.00 in additional consideration); *see also Buntin v. Square Foot Management Company, LLC,* 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015) (permitting general release exchanged for independent consideration separate from what Plaintiff owed under the FLSA, specifically *mutual* general release and neutral employment reference).

Similarly, confidentiality, non-disparagement, and no-reemployment or re-application provisions may prevent a settlement agreement from being fair and reasonable unless "negotiated for separate consideration or . . . a reciprocal agreement that benefits all parties."

*See Weldon*, 2014 WL 4385593, at *1; *see, e.g., Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13–cv–706–Orl–36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013) (approving general release, non-disparagement clause, and waiver of future employment where plaintiff "receiv[ed] separate consideration beyond that arguably due under the FLSA (that is, $500, a mutual release of claims, and an agreement to provide a neutral reference)"); *cf. Denison v. First Fam. Ins., Inc.*, No. 2:20-CV-89-JLB-MRM, 2021 WL 2895494, at *1–2 (M.D. Fla. May 27, 2021) (determining provision for release not mutual due to lack of similar provision in favor of plaintiffs; and agreement did not state whether separate consideration negotiated for confidentiality, non-disparagement, and non-solicitation provisions), *with Buntin*, 2015 WL 3407866, at *3 (upholding release provision supported by independent consideration in form of release in favor of employee and neutral reference provision).

Given that the present agreement disallows severing the general release, the agreement itself cannot be approved by the Court even if it severed the other objectionable provisions. Accordingly, the motion to approve the settlement, (Doc. 25), is **taken under advisement**, and the parties shall file a settlement agreement that is consistent with the law set forth above within fourteen days, failing which the Court will recommend the denial of the current agreement.

**DONE** and **ORDERED** in Ocala, Florida on October 6, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties